IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABODUNRI ADELEKE, #208-089-996,<br>Petitioner, | § § § | |
| v. | § § | CIVIL NO. 3:17-CV-0564- L-BK |
| LORETTA E. LYNCH, et al.,<br>Respondents. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On February 27, 2017, Petitioner, an immigration detainee awaiting removal, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, which was referred to the undersigned United States magistrate judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. Petitioner challenges his detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, on August 29, 2017, the United States Immigration and Customs Enforcement removed Petitioner from the United States. Doc. 13. Thus, the Court must consider whether the issue presented in the habeas petition is now moot. *See* FED. R. CIV. P. 12(h)(3).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

The instant federal habeas petition only sought Petitioner's release from custody pending his removal. Doc. 3 at 4-5. Since Petitioner is no longer detained and has been removed from the United States, his claim is now moot and this Court lacks jurisdiction to consider his petition. *See Francis v. Lynch,* 622 F. App'x 455 (5th Cir. 2015) (removal moots habeas petition seeking

release from detention under *Zadvydas*); *Odus v. Ashcroft*, 61 F. App'x 121, 2003 WL 342719, 1 (5th Cir. 2003) (same).

Therefore, it is recommended that the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SIGNED** October 2, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE